UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

AYANNA HATCHETT, et al,

      Defendants.
_____/

Civil Action No.
18-CV-13118

HON. MARK A. GOLDSMITH

## CASE MANAGEMENT AND SCHEDULING ORDER

| EVENT | DEADLINE |
|---|---|
| Motion to Reassign | **April 8, 2019** |
| Responses to Motion to Reassign | **April 15, 2019** |
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1) | **April 22, 2019** |
| Lay Witness List | **July 25, 2019** |
| Exhibit List | **July 25, 2019** |
| Expert Witness List/Disclosures/Report - Plaintiff | **July 25, 2019** |
| Expert Witness List/Disclosures/Report - Defendant | **July 25, 2019** |
| Fact Discovery | **August 15, 2019** |
| Expert Discovery | **August 15, 2019** |
| Settlement Conference | **To be scheduled by the Magistrate Judge by the close of discovery.** |
| Dispositive Motions & Motions to Limit/Exclude Expert Testimony | **August 29, 2019** |
| All Other Motions, Including Motions in Limine | **December 16, 2019** |
| Joint Final Pretrial Order | **December 16, 2019** |
| Final Pretrial Conference | **January 27, 2020 @ 1:30 p.m.** |
| Bench Trial | **February 10, 2020 @ 8:30 a.m.** |

I. **DISCOVERY**

    A.    Disclosure required by Fed. R. Civ. P. 26(a)(1)(A), (B) and (C) shall be served on opposing counsel, but not filed with the Court, on or before the date specified on page 1.

    B.    Counsel shall serve upon opposing counsel, and file with the Court in the form required by Fed. R. Civ. P. 26(a)(3), a list of witnesses, separately identifying those whom a party expects to present at trial and those it may call if the need arises. Lay witness lists are due on or before the date specified on page 1. Expert witness lists are due from each party on the respective due dates for expert witness disclosures. As used in this Order, the term "expert" includes any witness offering testimony under Federal Rule of Evidence 702, 703, or 705. This includes experts specially retained for purposes of litigation, as well as non-retained witnesses offering expert testimony, such as treating physicians.

    C.    Plaintiff's counsel shall serve upon opposing counsel, but not file with the Court, on or before the date specified on page 1, the expert witness disclosures and any report required by Fed. R. Civ. P. 26(a)(2). Plaintiff's expert(s) must be available and prepared for deposition within 14 days after the expert witness disclosures and report are served. Defendant's counsel shall serve upon opposing counsel, but not file with the Court, on or before the date specified on page 1, the expert witness disclosures and any report required by Fed. R. Civ. P. 26(a)(2). Defendant's expert(s) must be available and prepared for deposition within 14 days after Defendant's expert witness disclosures and report are served.

    D.    Counsel shall serve upon opposing counsel, and file with the Court, on or before the date specified on page 1, a list of exhibits, separately identifying those that it expects to offer at trial and those that it may offer if the need arises. By the same date, counsel shall exchange the exhibits reflected on the list.

    E.    Fact and expert discovery shall be completed on or before the date(s) specified on page 1. Discovery must be served sufficiently in advance of the deadline so as to allow the opposing party sufficient time to respond under the Federal Rules of Civil Procedure prior to the discovery cutoff. The Court will not order discovery to take place after the discovery cutoff date, absent good cause. **Any motion to compel discovery must be filed promptly after the grounds for the motion become apparent and reasonable efforts to resolve the dispute have been exhausted**.

    F.    A proposed protective order containing provisions for the sealing of documents or other matter must contain the language set forth in paragraph 1 below; a motion to seal must comply with paragraph 2 below:

        1.    This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth (i) the authority for sealing; (ii) an identification and description

       of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. See Local Rule 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or entered the proposed stipulated order required by this section.

    2. Whenever a motion to seal is filed, the movant shall comply with the requirements of Local Rule 5.3 set forth above and submit a proposed order which states the particular reason that sealing is required. The proposed order shall be submitted to the undersigned district judge or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

## II. MOTION PRACTICE

### A. Due Dates

    1. Unless a different date is specified on page 1, parties may not be added or pleadings amended more than 14 days after issuance of this Order, absent a showing of good cause.

    2. Dispositive motions and motions to limit or exclude expert testimony must be served and filed on or before the date specified on page 1.

    3. All other pretrial motions, including motions in limine and motions to purge depositions, must be served and filed on or before the date specified on page 1, unless applicable legal authority requires that the motion be filed earlier. **Any objection to proposed testimony or exhibits must be made the subject of a timely motion in limine, unless good cause exists to excuse the failure to file such a motion**.

### B. Requirements Applicable to All Motions

    1. The Court requires strict compliance with E.D. Mich. LR 7.1(a), which obligates moving parties to seek concurrence before filing any motion. A moving party must certify compliance with this obligation by setting forth in the <u>first</u> paragraph of <u>every</u> motion one of the following statements or one substantially similar:

        (a) The undersigned counsel certifies that counsel <u>personally</u> spoke to, or met with, opposing counsel, explaining the nature of the relief to

        be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

(b)     The undersigned counsel certifies that counsel communicated <u>in writing</u> with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.

(c)     The undersigned counsel certifies that counsel communicated <u>in writing</u> with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and <u>three business days</u> have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

(d)     The undersigned counsel certifies that counsel made no attempt or a limited attempt to seek concurrence in the relief requested by this motion because of the following exceptional circumstances. [Set forth the exceptional circumstances with specificity.]

    The above statements shall be modified appropriately where one or more parties is unrepresented. **<u>The failure to certify compliance with this paragraph will result in the motion being struck.</u>**

2.     The Court follows the local rules in only permitting one response and one reply to a motion, absent leave of the Court. Parties are not permitted to file sur-replies, supplemental briefs, notices, and/or additional documents in response to a motion without leave of the Court. Filed documents other than those permitted by the local rules and/or an order of the Court will be stricken.

3.     Responses/replies to motions and supporting briefs must be filed according to the schedule set forth in E.D. Mich. LR 7.1(e), unless the Court orders otherwise. Note that Rule R5(e) of the Electronic Filing Policies and Procedures prohibits combining a response/reply to a motion with a counter-motion in the same filing. The Court typically does not issue a briefing schedule. The Court enforces the response and reply due dates set forth in E.D. Mich. LR 7.1(e) and Fed. R. Civ. P. 6, even when the motion hearing is set far in advance. **<u>Untimely submissions may result in sanctions, including, but not limited to, the striking of the submission, forfeiture of oral argument, and/or costs and attorney fees.</u>**

4.     Facts stated in the statement of facts must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits.

5. All materials submitted in support of, or opposing, a motion shall be contained in an appendix. The appendix shall also include the full text of any unpublished authority cited, unless the source is available electronically on Westlaw. The appendix shall contain a table of contents/index. Each exhibit shall be tabbed with the relevant portion(s) highlighted. When submitting transcripts, counsel shall supply the Court with cited page(s) together with sufficient accompanying pages to provide context. All citations must have page references.

6. **The parties shall provide courtesy paper copies of all motion papers, responses, and replies within one day of filing.** The parties shall not provide courtesy copies of any other papers or pleadings. Courtesy copies must be bound, with separately tabbed exhibits. Courtesy copies that do not follow these requirements will be rejected.

7. The Court will issue a notice of hearing with the specific date and time. However, the Court may cancel a scheduled hearing if it appears after review of the briefs that a hearing will not aid the decisional process.

C. **Dispositive Motions**

1. No party may file more than one motion for summary judgment without obtaining leave of Court. Challenges to several counts of a complaint shall be brought in a single motion.

2. **A brief in support of a Rule 56 motion must begin with a "Statement of Material Facts." The Statement is to be included as the first section of the brief in support of the Rule 56 motion. The Statement must consist of numbered paragraphs describing the facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law. Each paragraph must include specific references and citations to record evidence.**

3. **A brief in support of a response to a Rule 56 motion must begin with a "Counter-statement of Material Facts," stating which facts are admitted and which are contested. The paragraph numbering must correspond to the moving party's Statement of Material Facts. If any of the moving party's proffered facts are contested, the non-moving party must explain the basis for the factual disagreement, referencing and citing record evidence. The non-moving party may raise additional material facts not implicated by the moving party's Statement under the separate heading "Statement of Additional Material Facts." The Statement of Additional Material Facts must consist of numbered paragraphs, and each paragraph must include specific references and citations to record evidence.**

    4.    If the non-moving party raises additional material facts not addressed in the moving party's Statement, the moving party must begin its reply brief with a "Reply to Counter-statement of Material Facts," stating which of the non-moving party's additional facts are contested. The paragraph numbering must correspond to the non-moving party's Statement of Additional Material Facts. If any of the non-moving party's proffered additional facts are contested, the moving party must explain the basis for the factual disagreement, referencing and citing record evidence.

    5.    Other than the parties' respective statements of undisputed facts, the parties are not required to set forth any additional recitation of facts but may do so if they wish.

    6.    Statements of Material Facts, Counter-statements of Material Facts, Statements of Additional Material Facts, and Replies to Counter-statements of Material Facts all count toward the page limit.

## III. ALTERNATIVE DISPUTE RESOLUTION

A. The Court may order an early settlement conference and/or a final settlement conference, either conducted by the Court or by another judicial officer. Alternatively, the Court may order facilitation before a person other than a judicial officer. If an early and/or final settlement conference is to be conducted by the Court, the date(s) and time(s) are specified on page 1. If an early and/or final settlement conference is to be conducted by another judicial officer, that fact is referenced on page 1, and notice of the date and time for such conference will be furnished later. If the Court refers this matter to facilitation, it will issue a separate order.

B. The following person(s) and entities must personally attend the settlement conference, regardless of which judicial officer conducts the conference: (i) trial counsel for each party; (ii) all parties who are natural persons; (iii) a representative, with full and final settlement authority, on behalf of any party that is not a natural person; (iv) a representative, with full and final settlement authority, on behalf of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the right to settle the action; and (v) a representative authorized to act on behalf of each party that is a governmental entity.

C. The Court's mandatory personal attendance policy is not satisfied by trial counsel professing to have full and final settlement authority on behalf of his or her client or a party being available by telephone.

D. If the early settlement conference is to be conducted by the Court, the Court will issue a separate order regarding the requirements for the early settlement conference, including the submission of settlement conference statements.

E.  If the parties elect to submit the case to case evaluation pursuant to E.D. Mich. LR 16.3, they must complete the Court's form order of reference to case evaluation, which is located in the "Form Orders" section of the Court's practice guidelines. The order must be submitted to chambers through the document utilities feature of CM/ECF. Case evaluation, including any accept or reject period, must be completed at least seven days prior to the Court's scheduled Final Pretrial Conference.

## IV. FINAL PRETRIAL CONFERENCE AND JOINT FINAL PRETRIAL ORDER

A.  The final pretrial conference shall take place on the date and time specified on page 1. The proposed joint final pretrial order (JFPO) must be submitted to chambers in hard copy and through the document utilities feature of CM/ECF on the date specified on page 1.

B.  In lieu of E.D. Mich. LR 16.2(b), the Court imposes the following requirements:

1.  The proposed JFPO shall not be a vehicle for adding claims or defenses.

2.  Counsel for all parties are directed to confer in person (face-to-face) sufficiently in advance of the scheduled conference date in order to reach any possible stipulations narrowing the issues of law and fact and to discuss non-stipulated issues. It shall be the duty of Plaintiff's counsel to initiate that meeting and the duty of opposing counsel to respond to Plaintiff's counsel and to offer full cooperation and assistance. If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be counsel's duty to communicate with the Court.

3.  Plaintiff's counsel is responsible for submitting the proposed JFPO to chambers after receiving proposed language from opposing counsel and reconciling the parties' respective positions.

4.  If there are any pending motions requiring determination in advance of trial, they should be called to the Court's attention not later than the date of submission of the proposed JFPO.

5.  The proposed JFPO must provide for the signature of the Court, which, when signed, will become the order of the Court.

6.  The proposed JFPO shall contain the following:

    (a)  <u>Jurisdiction</u>: The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any party.

(b) <u>Trial</u>: The parties shall state whether the case will be tried to a jury or to the Court, and the estimated length of trial in terms of number of full days of trial.

(c) <u>Settlement</u>: Counsel or a party without counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date, and stating the current status of negotiations and any plans for further discussions. There shall be no disclosure of the terms of settlement offers and demands in the JFPO itself.

(d) **<u>Statement of Claims and Defenses: Each claim for affirmative relief (by Plaintiff or Counter-plaintiff) must be separately stated. As to each claim, the proposed JFPO must state: (i) the elements of the claim; (ii) the principal fact in support of the claim, both as to liability and damages, indicating whether the fact is contested or uncontested; (iii) the controlling or most appropriate legal authority in support of every element of the claim; (iv) the elements of every defense to the claim; (v) the principal fact in support of the defense, both as to liability and damages, indicating whether the fact is contested or uncontested; (vi) the controlling or most appropriate legal authority in support of every element of the defense; and (vii) each party's calculation of damages.</u>**

(e) <u>Lay Witnesses</u>: The parties shall set forth the name, address, and telephone number of every lay witness whom each party will call or may call to testify, including rebuttal witnesses unless the rebuttal witnesses' testimony could not be reasonably anticipated before trial. Absent good cause, only those witnesses who are listed will be permitted to testify. Generic categories of witnesses are not permitted. **<u>The subject matter of every witness' testimony shall be set forth with particularity, indicating the specific factual issues about which the witness will testify.</u>**

(f) <u>Expert Witnesses</u>: The parties shall set forth the name, address, telephone number, and area of expertise of every expert witness whom each party will call or may call to testify, including rebuttal expert witnesses unless the rebuttal witnesses' testimony could not be reasonably anticipated before trial. Absent good cause, only those witnesses who are listed will be permitted to testify. **<u>In addition, the expert's opinions, grounds therefor, and underlying facts must be set forth with particularity. Incorporation by reference of a deposition transcript is not sufficient.</u>**

(g)  <u>All Witnesses</u>: Except as permitted by the Court for good cause, a party may not list a witness unless the witness was included on a timely filed witness list required under I.B. of this Order. Only witnesses listed in the JFPO will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown.

(h)  <u>Depositions</u>: All de bene esse depositions shall be listed. All such depositions, both as to lay and expert witnesses, must be concluded no later than ten days before the due date for filing motions to purge depositions. Any motions to purge discovery or de bene esse depositions shall be filed by the deadline set forth for all other pretrial motions. Motions to purge filed after the deadline will not be considered unless the Court, for good cause, allows an untimely motion. A motion to purge the de bene esse deposition of a witness offering expert testimony may not be used to raise issues that should have been the subject of an earlier and timely motion to limit or exclude expert testimony.

(i)  <u>Exhibits</u>: The parties shall prepare a list of all exhibits that will or may be offered in evidence. If a party has an objection to an exhibit that was not the subject of a motion in limine, and good cause exists for the failure to have raised the objection via a motion in limine, then the specific basis for the objection and the claimed good cause shall be stated in the JFPO. The opposing party shall also set forth its response to the objection in the JFPO.

If a party fails to raise an objection both via a motion in limine and in the JFPO, the objection will be deemed waived, unless the Court, for good cause, allows a late objection. Similarly, if an objection is raised in the JFPO, but the Court concludes good cause does not exist for the failure to have raised it by way of a timely motion in limine, the objection will be deemed waived.

Absent good cause, only those exhibits that have been listed in the proposed JFPO may be offered into evidence, except for rebuttal exhibits which could not be reasonably anticipated before trial.

The proposed exhibits must be exchanged by the parties seven days before the due date for the JFPO. Unless previously attached to a motion in limine, any exhibit objected to must be submitted to the Court at the time the proposed JFPO is submitted. Counsel are required to pre-mark all proposed exhibits using a numbering and/or lettering system that will allow identification of the offering party. A separate binder containing each party's full set of proposed exhibits, displaying exhibit numbers or letters, must be submitted to

the Court by each party on or before the first day of trial. The outside cover and spine of each binder must identify the case, case number, and party offering the exhibits. Counsel are required to keep track and maintain custody of all admitted exhibits during trial. The parties must also submit on or before the first day of trial a **single** exhibit list, identifying separately each party's exhibits, and setting forth the exhibit number or letter, date, description of document (e.g. email from A to B), and a two-inch column marked "Notes."

(j) <u>Evidentiary Issues</u>: The parties shall identify any evidentiary issues likely to arise at trial that are not the subject of a pending motion or identified in the preceding paragraph. The parties shall also set forth the claimed good cause for why these evidentiary issues were not the subject of a timely motion in limine.

7. Other items to be submitted at the same time as the JFPO:

(a) <u>Jury Instructions/Verdict Form</u>: Proposed jury instructions and verdict form must be jointly submitted to chambers with the proposed JFPO. The parties shall jointly prepare and submit a set of: (i) agreed upon jury instructions and (ii) disputed instructions. The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view toward reaching agreement as to an acceptable form. The instructions shall be submitted in the following form: one instruction per page, ready for submission to the jury in paper form without any citation, electronically in Word format, so that the Court can make appropriate changes. In addition, for each disputed instruction, the parties shall submit a single, separate page containing the authority upon which each party relies.

(b) <u>Statement of Claims and Defenses to be Read to Jury</u>: Counsel shall submit a statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

(c) <u>Voir Dire</u>: A list of agreed-upon and disputed voir dire questions must be jointly submitted to chambers in hard copy at the same time as the JFPO. For each disputed voir dire question, the parties shall set forth their respective arguments/authority against/in favor of the question.

8. For failure to cooperate in preparing or submitting the joint final pretrial order or failure to comply strictly with the terms of the joint final pretrial order, the Court may dismiss claims, enter default judgment, refuse to permit witnesses to testify or to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

### V. TRIAL

A. Trial shall commence on the date and time specified on page 1.

B. The Court will provide the customary opening instructions. Counsel are responsible for all other instructions, including those related to their specific claims or defenses in the case.

C. Trial briefs are optional, but if furnished they must be submitted at least seven days before trial.

D. Parties are encouraged to use electronic aids to display evidence at trial. However, a party intending to do so must disclose that intention to the Court and all other parties at or before the final pretrial conference. Parties are responsible for providing equipment for such purpose.

E. If counsel wishes to publish an exhibit (or any portion thereof) to the jury, counsel must provide enough copies for every juror. Counsel must also submit a complete set of admitted exhibits to the Court before jury deliberations.

F. It is the responsibility of the parties to ensure that the record is complete. At the conclusion of trial, all trial exhibits, briefs, proposed jury instructions, etc. are to be filed in accordance with Rule R18 of the Electronic Filing Policies and Procedures.

### VI. MODIFICATION

This Order may be modified only by order of the Court. The Court's policy is that adjournment of any event scheduled to occur prior to the due date for dispositive and expert-related motions may be accomplished by submission of a proposed stipulated order, provided that no such adjournment may affect the due date of any event scheduled to occur from and after the due date for dispositive and expert-related motions. Adjournment of any event scheduled to occur from and after the dispositive and expert-related motion due date must be sought by written motion setting forth good cause and filed promptly after the circumstance giving rise to the claimed need for an adjournment, provided that such a request may be made via email to the Court's case manager (copied to opposing counsel) without a written motion, if the request is made within one week of the issuance of this Order.

SO ORDERED.

Dated: April 2, 2019  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge