IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 18-cv-13118 |
| Plaintiff, ) | |
| ) | HON. MARK A. GOLDSMITH |
| v. ) | |
| ) | |
| AYANNA HATCHETT, an individual, ) | |
| ) | |
| ELBERT HATCHETT, an individual, ) | |
| ) | |
| HOMER W. MCCLARTY, as Chapter 7 ) | |
| Trustee in *In re: Laurestine Hatchett*, ) | |
| Case No. 17-45163 (Bankr. E.D. Mich.), ) | |
| ) | |
| STATE OF MICHIGAN, and ) | |
| ) | |
| OAKLAND COUNTY ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT
ELBERT HATCHETT'S MOTION TO TRANSFER CASE TO CHIEF
JUDGE DENISE PAGE HOOD**

**The instant case is not a companion case to Case No. 00-71861 and is not required by Local Rule 83.11(b)(7)(D) to be reassigned to Chief Judge Denise Page Hood because (i) no substantial similar evidence will be offered at trial and (ii) the instant case arises out of a completely separate transaction or occurrence taking place more than eight years after final judgment in Case No. 00-71861.**

Local Rule 83.11(b)(7)(C) provides "[w]hen it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case

number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number." "If either Judge does not believe that the case to be reassigned is a companion case, then the case may not be reassigned." *Nat'l Solid Wastes Mgmt. Ass'n v. Granholm*, 315 F. Supp. 2d 867, 869 (E.D. Mich. 2004). There are three categories of "companion cases" as defined by Local Rule 83.11(b)(7)(A):

> (A) Companion cases are cases in which it appears that:
>
>> (i) substantially similar evidence will be offered at trial, or
>> (ii) the same or related parties are present *and* the cases arise out of the same transaction or occurrence, or
>> (iii) they are Social Security cases filed by the same claimant.

(Emphasis added). It is undisputed that neither the instant case nor the 2000 case is a social security case. Therefore, the instant case cannot be a companion case under Local Rule 83.11(b)(7)(A)(*iii*).

It also cannot be disputed that there will be no substantially similar evidence offered at trial in this case and thus, the instant case is not a companion case under Local Rule 83.11(b)(7)(A)(*i*). The 2000 case was a simple suit by the United States for judgment against Elbert Hatchet for various income tax liabilities and for enforcement of federal tax liens against a parcel that the parties stipulated was subject to the liens, and money judgment was entered against him by consent 12 months after the complaint was filed. The instant case is a suit filed 18 years later in which the issue is whether certain proceeds of a client referral fee stemming

from a personal injury lawsuit, which were paid in 2009 to Elbert's daughter, Ayanna Hatchet, were subject to the federal tax liens against Elbert. The evidence that will be offered at trial in this case may include, but is not limited to, facts such as how the plaintiff in the personal injury case retained her attorney, the legal services provided by Elbert Hatchett's law firm/Elbert Hatchett/Ayanna Hatchett, how the case was referred to The Googasian Firm, the arrangement of the referral fee payout, *etc*. The 2000 case focused on the amounts of Mr. Hatchett's federal income tax liabilities for the tax years at issue and enforcement of tax liens against a different real estate parcel that the parties stipulated was subject to the liens. Because the 2000 case was resolved by consent judgment (*see* Exhibit 1 to the government's complaint), there was no evidence introduced at all. Furthermore, the two sets of events took place many years apart from each other and there cannot be a possibility of any overlap or similarity of evidence.

    Nor is the instant case a companion case under Local Rule 83.11(b)(7)(A)(***ii***) because it involves a different unrelated party (Ayanna Hatchett) *and* arose out of a different transaction or occurrence (*i.e.*, the payment of the referral fee to Ayanna Hatchett). Ms. Hatchett, albeit related to Mr. Hatchett, is not in any way related to the 2000 case – in which judgment was entered many years before she became a lawyer or worked for the Hatchett law firm. To be a companion case, the instant case must also arise out of the same transaction or occurrence as the 2000 case.

Two cases do not arise out of the same transactions or occurrences when "the facts required to prove the claims in each case are wholly distinct." *Doe v. Anderson*, Case No. 15-13852, 2016 U.S. Dist. LEXIS 27537 * at 12 (E.D. Mich. 2016). The fact that the judgment in the 2000 case regards the same tax liabilities that are secured by the federal tax liens that the government claims encumbered the 2009 payment to Ayanna Hatchett does not mean the cases arise from the same transaction. *See Anderson*, 2016 U.S. Dist. LEXIS 27537 * at 12 (holding that a suit for retaliations against prisoner plaintiffs was not a companion case to a prior suit by the same prisoners for the sexual and physical assaults of them as incarcerated minors simply because the retaliation suit resulted from the plaintiffs filing the prior suit). The 2000 case arose from Elbert's financial transactions during the tax years in question and his failure to pay the taxes imposed on the taxable income computed on the basis of those transactions. This case arose out of the payment of the referral fee to Ayanna in 2009, a wholly distinct and legally significant fact supporting the government's claim that simply did not exist at the time of the 2000 case. Without the alleged referral fee shift from Elbert Hatchett to Ayanna Hatchett, this case would not exist.

     Mr. Hatchett's argument that "this case was based completely on the prior case at issue" is simply wrong. The Local Rule requires the companion cases to arise out of "the same transaction or occurrence" because it is a judge's familiarity

with "the same transaction or occurrence" not the familiarity with a prior case that will promote judicial or docket efficiency. Chief Judge Hood does not possess any special familiarity of the "transaction or occurrence" in this case due to her presiding over the prior case *more than a decade* ago and reassigning the case to her provides no special value to the resolution of this case.

      Mr. Hatchett mistakenly analogizes this case to procedures of regular judgment collection and enforcement of a settlement. In regular judgment collection procedures like a writ of execution, garnishment, *etc.*, judgment creditors simply move for collection orders in the originally filed cases and the original presiding judge would be called upon to issue those orders. The instant action regards the federal tax liens and is a cause of action completely different and separate from a regular judgment collection procedure. The Internal Revenue Code specifically authorizes *a civil action* to enforce federal tax liens. *See* 26 U.S.C. § 7403. The allegation here is that the liens, which attach to after-acquired property, encumbered the right to the referral fee and may be traced into the real property. If so, the real property may be sold pursuant to § 7403(c). To the extent the complaint also seeks an accounting by which Ayanna Hatchett may be held personally liable for encumbered funds she expended for her own benefit, the judgment in the 2000 case would be irrelevant. Therefore, this case cannot be analogized to "a collection attempt on the prior case" and the government cannot

5

be analogized to a regular judgment creditor. The analogy of this case to enforcing a settlement also fails. Enforcement of a settlement typically involves the same parties and same transactions or occurrences; this case involves different transactions and different primary parties.

The government does not deny the fact that this case seeks to enforce liens securing the same outstanding liabilities reduced to a judgment in the 2000 case and that the cases are thus "related" to that extent. But that meaning of "related" has no legal significance here. Only the phrase "companion cases" as defined in Local Rule 83.11(b)(7)(A) does. As this case does not meet any of the definitions described in the local rule, it shall not be reassigned. Judge Goldsmith has an obligation not to reassign (and Chief Judge Hood has an obligation to refuse reassignment if the reassignment request is made upon her). *See Nat'l Solid Wastes Mgmt. Ass'n*, 315 F. Supp. 2d at 869.

**Mr. Hatchett's allegations that the government failed to alert the Court of the prior case and that the failure "amounts to an attempt to improperly forum select" is baseless. In fact, it is Mr. Hatchett who is attempting forum shopping here.**

Local Rule provides "[c]ounsel or a party without counsel must bring companion cases to the court's attention by responding to the questions on the civil case cover sheet or in the electronic filing system[.]" Local Rule 83.11(b)(7)(C). To answer these questions *prior to* filing a case, counsel has no choice but to exercise his or her best judgment in interpreting the local rule and to indicate to the

6

Court his or her "belief" of the existence or non-existence of a prior companion case. *Nat'l Solid Wastes Mgmt. Ass'n*, 315 F. Supp. 2d at 868. *Nat'l Solid Wastes Mgmt. Ass'n* only stands for the proposition that a party has no right to reassignment even though he or she indicates a "belief" of the existence of a prior companion case since it is the judge's determination of whether a case is a companion case. *See id* at 867. In the instant case, there is no basis whatsoever to suggest that the government failed to alert the Court of the existence of the prior case when, in Mr. Hatchett's own words, the government's complaint itself "is replete with references to the 2001 judgment," contains the reference to the prior case number, and has attached a copy of the 2001 judgment. Nor did the government engage in any attempt of forum shopping since all cases in this district are randomly assigned and the government would have no control over which judge will get the case.

In fact, it is Mr. Hatchett who is attempting forum shopping here by going to great lengths to request that the case be specifically reassigned to Chief Judge Hood, from whom Mr. Hatchett previously received favorable rulings. One such favorable ruling would have barred the government's assertion of fraudulent-transfer and related affirmative defenses to a wrongful levy suit commenced by him and his wife Laurestine Hatchett, had it not been reversed on appeal. *See Hatchett v. United States*, 126 F.Supp.2d 1038 (E.D. Mich. 2000), *reversed*, 330

7

F.3d 875 (6th Cir. 2003).¹ Another favorable ruling is indirectly reflected in the district court opinion, describing Judge Hood's dissent from a ruling by two other judges of a three-judge panel of this Court denying Elbert Hatchett's petition for reinstatement as a member of the local bar while still on probation following his conviction for tax evasion. *See Hatchett,* 126 F.Supp.2d at 1042-43.

Mr. Hatchett also suggests that the government's counsel rushed to depose a key witness, Sharon Smith, by noticing it as a post-judgment discovery proceeding in the 2000 case before discovery in the 2018 case is allowed. To the extent that Mr. Hatchett is using this fact to support his "related case" argument, the government has already addressed that argument in the previous section. To the extent that Mr. Hatchett is suggesting that the government engaged in any improper discovery tactics, the government denies that allegation. Preliminarily, there is nothing inappropriate about noticing the deposition as a post-judgment discovery proceeding given that, at the time the subpoena was issued on October 1, 2018 and served on October 2, 2018, the 2018 case did not even exist yet. *See*

---

¹ The refusal to permit the fraudulent transfer defense was premised on three separate grounds – standing, res judicata, and laches – and all three were reversed. *See Hatchett,* 330 F.3d 885-87. We submit that this history counsels in favor of not expanding the definition of a "companion case" simply to accommodate the Hatchetts' obvious preference to have Chief Judge Hood preside over this case.

Exhibit 1 – Proof of Service of Subpoena (address redacted for witness's privacy). Therefore, there was no way for the government to notice the deposition other than using the post-judgment discovery proceeding.

Moreover, the deposition of Sharon Smith on October 19 was rushed for two reasons. First, the government's counsel wanted to preserve the accuracy of the testimony of key witness Sharon Smith after she heard that Ms. Smith might be asked to sign certain statements pertaining to the referral fee case. In fact, just a day before the October 19 deposition, Ms. Hatchett (who is an attorney) tried to contact Ms. Smith to request to meet with her. Ms. Smith refused to meet with Ms. Hatchett. *See* Exhibit 2 – excerpts of Sharon Smith's deposition. Second, the deposition was also scheduled due to the urgency of an upcoming hearing on October 23, 2018, in Laurestine Hatchett's bankruptcy case concerning a motion to approve a settlement related to the Bristol Parke property (to which the government is not a party and is objecting in the bankruptcy court). The deposition was to seek more information regarding the Bristol Parke property to be provided to the bankruptcy court in order to assist it in determining how to proceed with the motion. And, in this regard, Ayanna Hatchett was fully aware that the purpose of the deposition was to explore whether the right to the referral fee initially belonged to Elbert Hatchett and thus was subject to the federal tax liens, and the deposition

9

was attended by her attorney and a separate attorney for Elbert Hatchett (as well as the Trustee's attorney).

\* \* \*

For the reasons set forth above, the United States respectfully requests the Court deny Elbert Hatchett's Motion to Transfer Case to Chief Judge Hood.

FOR PLAINTIFF

UNITED STATES OF AMERICA
RICHARD E. ZUCKERMAN

Principal Deputy Assistant Attorney General, Tax Division, U.S. Department of Justice

*/s/ Pingping Zhang*
PINGPING ZHANG (NY)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
Tel: 202-305-2165
Pingping.Zhang@usdoj.gov

## LOCAL RULE CERTIFICATION

I, Pingping Zhang, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

<u>/s/ Pingping Zhang</u>
PINGPING ZHANG (NY)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-305-2165 (v)
202-514-5238 (f)
Pingping.Zhang@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, I filed the foregoing document using the Court's ECF system, which will send notification to all registered participants.

/s/ Pingping Zhang
PINGPING ZHANG (NY)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-305-2165 (v)
202-514-5238 (f)
Pingping.Zhang@usdoj.gov